Jordon R. Harlan, Esq. (CA #273978)
**HARLAN HILLIER DIGIACCO LLP**
122 43rd Street
Manhattan Beach, CA 90266
Telephone: (619) 330-5120
Fax: (619) 839-3895
Email: jordon@hhdlaw.com

Anna R. Rick, Esq. (MN # 0401065)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: arick@johnsonbecker.com

***Attorneys for Plaintiff, Meytal Minda Bercu Jellen***

UNITED STATES DISTRICT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEYTAL MINDA BERCU JELLEN, an individual, | Case No. |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | 1. Strict Products Liability |
| SHARKNINJA OPERATING, LLC, a Massachusetts Limited Liability Company, | 2. Negligent Products Liability |
| | 3. Breach of Implied Warranty of Merchantability |
| Defendant. | 4. Punitive Damages |

Plaintiff, **MEYTAL MINDA BERCU JELLEN** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **HARLAN HILLIER DIGIACCO LLP**, hereby submit the following Complaint and Demand for Jury Trial against Defendant **SHARKNINJA OPERATING, LLC**

1

COMPLAINT AND DEMAND FOR JURY TRIAL

(hereafter referred to as "Defendant SharkNinja" or "Defendant") alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.     Defendant designs, manufacture, markets, imports, distributes and sells consumer products such as blenders, which specifically includes the CO650B Series (referred to hereafter as "Ninja blender(s)") that is at issue in this case.

2.     On or about July 13, 2023, Plaintiff suffered serious and substantial laceration injuries as the direct and proximate result of the Ninja blender's blade assembly detaching from the blade base during the normal, intended use of the Ninja blender.

3.     The Ninja blenders are defectively designed and manufactured in that the unit's stacked blade assembly does not lock into place and is not secured to the gear shaft. When used in its normal and intended manner by consumers, the blade assembly can fall out of the pitcher, putting the user at risk of sustaining severe lacerations and injuries requiring medical attention.  The Ninja blenders pose a safety risk to consumers and to other individuals who may be in close proximity to the Ninja blenders while they are in use.

4.     As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF MEYTAL MINDA BERCU JELLEN

5.     Plaintiff is a resident and citizen of the City of Newport Beach, County of Orange, State of California.  Plaintiff is therefore a resident and citizen of the State of California for purposes of diversity pursuant to 28 US.C. § 1332.

6.     On or about July 13, 2023, Plaintiff was using the blender designed, manufactured, marketed, imported, distributed, and sold by Defendant SharkNinja for its intended and reasonably foreseeable purpose of blending and cooking when she sustained laceration injuries as the direct and proximate result of the blender's blade

COMPLAINT AND DEMAND FOR JURY TRIAL

assembly detaching from the blade base during the normal, intended use of the blender. The incident occurred as the result of the Ninja blenders' defect(s), namely, the Ninja blender's use of an unsecured blade assembly.

### DEFENDANT SHARKNINJA OPERATING, LLC

7.    Defendant SharkNinja designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject Ninja blender.

8.    Defendant SharkNinja Operating, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is EP Midco LLC, a Massachusetts limited liability company created and organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is Global Appliance, LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in England.  Global Appliance UK Holdco Ltd. is a private limited company organized under the laws of England and Wales with its principal place of business in Leeds, England. SharkNinja Appliance UK Holdco Limited is wholly owned by SharkNinja Global SPV, Ltd., an exempted company incorporated in the Cayman Islands, which is wholly owned by SharkNinja, Inc., a publicly held exempted company incorporated in the Cayman Islands. No publicly held company owns more than 10% of SharkNinja, Defendant is therefore a citizen of the United Kingdom, England, Massachusetts and Delaware for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

### JURISDICTION & VENUE

9.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is

complete diversity between the parties.

10.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Plaintiff is a resident and citizen of this District.

11.    Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Texas and intentionally availed itself of the markets within Texas through the promotion, sale, marketing, and distribution of its products.

## **FACTUAL BACKGROUND**

12.    Defendant SharkNinja is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the blenders at issue in this litigation.

13.    Ninja blenders, including the Ninja blender that injured Plaintiff, essentially have three main components: a base unit which contains a high-speed motor and a gear shaft ("motor base"); a pitcher, which locks on to the motor base; and a stacked blade assembly with six sharp blades which is dropped onto the gear shaft ("blade assembly").

14.    To assemble the unit, the user first aligns and lowers the pitcher onto the motor base, then rotates the pitcher clockwise until the pitcher locks into place.  Next the user takes the blade assembly and places it onto the gear shaft.  Once the user has added the desired ingredients, the lid is placed on top of the pitcher and locked into place.



*See* Ninja CO610B Series Owner's Guide, pgs. 10-11

4

COMPLAINT AND DEMAND FOR JURY TRIAL

15. Unlike the pitcher and the pitcher lid, the blade assembly does not lock into place and is not otherwise secured to the gear shaft. Instead, the blade assembly sits "loosely on the drive gear."[1]

16. As a result, if the user pours the pitcher after removing the lid, or if the lid falls off the pitcher during pouring, the loose blade assembly can easily fall out of the pitcher and onto consumers, resulting in physical injuries such as severe lacerations.

17. Defendant SharkNinja became aware of this defect as early as November 12, 2015, when, in conjunction with the Consumer Product Safety Commission (CPSC), it recalled roughly 1.1 million of its Ninja BL 660 series blenders for this exact defect.[2]

18. According to the CPSC, the firm received 53 reports of lacerations caused by the stacked blade assembly falling out of the pitcher when consumers poured or inverted the pitcher after removing the lid with the blade assembly still inside.[3]

19. Despite its knowledge of these defects, Defendant SharkNinja has continued to sell and design blenders with loose, unsecured blade assemblies, including blenders like the CO650B blender involved in this case.

20. The Ninja blenders have been designed, manufactured, packaged and sold in such a condition that consumers cannot safely use them in the intended manner without risk of physical injury.

21. By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased the Ninja blender with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of blending.

22. Plaintiff used her Ninja blender for its intended purpose of preparing food

---

[1] *See* Ninja CO610B Series Owner's Guide, pg. 10. A copy of the Owner's Guide is attached hereto as "Exhibit A."

[2] *See* the CPSC Recall Notice from November 12, 2015 (https://www.cpsc.gov/Recalls/2016/Laceration-Injuries-Prompt-SharkNinja-to-Recall-Ninja-BL660-Blenders), a copy of which is attached hereto as "Exhibit B."

[3] *Id*.

COMPLAINT AND DEMAND FOR JURY TRIAL

and drinks for herself and/or her family and did so in a manner that was reasonable and foreseeable by Defendant.

23.    However, the aforementioned Ninja blender was defectively designed and manufactured by Defendant in that its loose, unsecured blade assembly is able to fall out of the pitcher during the normal, intended use of the Ninja blender, putting consumers, such as Plaintiff, at risk of lacerations and other physical injuries.

24.    Defendant's Ninja blenders possess defects that make them unreasonably dangerous for their intended use by consumers because the stacked blade assembly does not lock into place and is not otherwise secured to the gear shaft.

25.    Economic, safer alternative designs were available that could have prevented the Ninja blender's blade assembly from easily falling out of the pitcher when it is poured or inverted. Examples of such designs include, but are not limited to, securing or affixing the blade assembly to the gear shaft or designing a blade assembly that locks into place.

26.    As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous blender, which resulted in significant and painful bodily injuries.

27.    Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's blender as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY

PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGAINST SHARKNINJA OPERATING, LLC, ALLEGES AS FOLLOWS:

28.    Plaintiff incorporates by reference each preceding and succeeding

COMPLAINT AND DEMAND FOR JURY TRIAL

paragraph as though set forth fully at length herein.

29. At the time of Plaintiff's injuries, Defendant's blenders were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

30. Defendant's blenders were in the same or substantially similar condition as when they left the possession of the Defendant.

31. Plaintiff did not misuse or materially alter the blender.

32. The blenders did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

33. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the blenders safe. Specifically:

    a. The blenders designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b. The seriousness of the potential laceration resulting from the product drastically outweighs any benefit that could be derived from their normal, intended use;

    c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the blenders, despite having extensive knowledge that the aforementioned injuries could and did occur;

    d. Defendant failed to adequately test the blenders; and

    e. Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

34. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

35. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of their blenders,

including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made a conscious decision not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory and punitive damages, according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper.

**SECOND CAUSE OF ACTION**

**<u>NEGLIGENT PRODUCTS LIABILITY</u>**

PLAINTIFF, FOR A SECOND CAUSE OF ACTION AGAINST SHARKNINJA OPERATING, LLC, ALLEGES AS FOLLOWS:

36. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

37. Defendant had a duty of reasonable care to design, manufacture, market, and sell non-defective blenders that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

38. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of their blenders in that Defendant knew or should have known that said blenders created a high risk of unreasonable harm to the Plaintiff and consumers alike.

39. Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of their blenders in that, among other things, they:

a. Failed to use due care in designing and manufacturing the blenders to avoid the aforementioned risks to individuals;

b. Defendant failed to adequately redesign the stacked blade assembly despite the aforementioned injuries have and do occur;

c. Placed an unsafe product into the stream of commerce; and

8

COMPLAINT AND DEMAND FOR JURY TRIAL

e.    Were otherwise careless or negligent.

40.    Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of their blenders, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory and punitive damages, according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper.

### THIRD CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

PLAINTIFF, FOR A THIRD CAUSE OF ACTION AGAINST SHARKNINJA OPERATING, LLC, ALLEGES AS FOLLOWS:

41.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

42.    At the time Defendant marketed, distributed, and sold its blenders to the Plaintiff in this case, Defendant warranted that its blenders were merchantable and fit for the ordinary purposes for which they were intended.

43.    Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

44.    Defendant's blenders were not merchantable and fit for its ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

45.    Plaintiff in this case used the blender with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of making smoothies.

46.    Defendant's breach of the implied warranty of merchantability was the

9

COMPLAINT AND DEMAND FOR JURY TRIAL

direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory and punitive damages, according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper.

**FOURTH CAUSE OF ACTION**

**<u>PUNITIVE DAMAGES</u>**

PLAINTIFF, FOR A FOURTH CAUSE OF ACTION AGAINST SHARKNINJA OPERATING, LLC., ALLEGES AS FOLLOWS:

47.    Plaintiff incorporates by reference each of the allegations set forth in this Complaint as though fully set forth herein.

48.    The acts, conduct, and omissions of the Defendant, as alleged throughout this Complaint, were willful and malicious. It is unconscionable and outrageous that Defendant would risk the health, safety, and well-being of consumers, including the Plaintiff in this case. Despite its knowledge that the aforementioned laceration injuries can and do occur, Defendant made conscious decisions not to redesign, despite the existence of an economically feasible, safer alternative design, their blenders.

49.    Defendant's outrageous conduct rises to the level that Plaintiff should be awarded punitive damages to deter Defendant from this type of outrageous conduct in the future, as well as to discourage other Defendant from placing profit above the safety of consumers in the United States of America.

50.    Prior to and during the manufacturing, sale, and distribution of its blenders, Defendant knew that said blenders were in a defective condition as previously described herein and knew that those who purchased and used their blenders, including Plaintiff, could experience severe physical, mental, and emotional injuries.

51.    Further, Defendant knew that its blenders presented a substantial and unreasonable risk of harm to the public, including Plaintiff, and as such, Defendant unreasonably subjected consumers of said blenders to risk of serious and permanent injury from their use.

10

COMPLAINT AND DEMAND FOR JURY TRIAL

52. Despite their knowledge, Defendant, for the purpose of enhancing their profit, knowingly and deliberately failed to remedy the known defects in their blenders, and failed to warn the public, including Plaintiff, of the extreme risk of injury occasioned by said defects inherent in them. Defendant intentionally proceeded with the manufacturing, sale, distribution and marketing of their blenders knowing these actions would expose consumers, such as the Plaintiff, to serious danger to advance their pecuniary interest and monetary profit.

53. Defendant's conduct was despicable and so contemptible that it would be looked down upon and despised by ordinary decent people and was carried on by Defendant with willful and conscious disregard for the safety of the Plaintiff, her family, and consumers like them, entitling the Plaintiff to punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for punitive damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

**INJURIES & DAMAGES**

54. As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

55. As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

56. As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for

medical care and treatment, as well as other expenses, as a result of the severe injuries she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A.  That Plaintiff has a trial by jury on all of the claims and issues;

B.  That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C.  That Plaintiff recover all damages against Defendant, general damages and special damages, including economic, non-economic and punitive damages, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendant's defective blender;

D.  That all costs be taxed against Defendant;

E.  That prejudgment interest be awarded according to proof; and

F.  That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Dated: July 1, 2025                                    **HARLAN HILLIER DIGIACCO LLP**

*/s/ Jordon R. Harlan, Esq.*
Jordon R. Harlan, Esq. (CA #273978)

*In association with*:

**JOHNSON BECKER, PLLC**

Anna R. Rick, Esq. (MN # 0401065)
*Pro Hac Vice to be filed*

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

**Dated: July 1, 2025**                    **HARLAN HILLIER DIGIACCO LLP**

*/s/ Jordon R. Harlan, Esq.*
Jordon R. Harlan, Esq. (CA #273978)

*In association with*:

**JOHNSON BECKER, PLLC**

Anna R. Rick, Esq. (MN # 0401065)
*Pro Hac Vice to be filed*